NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE COLUMBIA GROUP AT HAMILTON PHASE II, LLC, et al., <br><br> Defendants. | Civil Action No. 23-2208 (ZNQ) <br><br><br> MEMORANDUM OPINION |

**<u>BONGIOVANNI, United States Magistrate Judge</u>**

Currently pending before the Court is Plaintiffs' motion seeking leave to amend their Complaint to name additional parties as defendants in this matter: specifically, Jack Morris and Sheryl Weingarten, the owners of the Columbia Group at Hamilton Phase II, LLC ("Columbia"), and EP Management, LLC, also known as Edgewood Properties ("EP"), and to name an additional company related to the corporate family, Edgewood Properties, Inc. ("Edgewood"). (Docket Entry No. 28). Defendants oppose Plaintiffs' motion, arguing that there is not good cause to permit the motion under Federal Rule of Civil Procedure ("Rule") 16(b)(4) and that the motion also fails under Rule 15's more liberal standard due to futility, undue delay, prejudice, and bad faith. The Court has fully reviewed the arguments made in support of and in opposition to Plaintiffs' motion. The Court considers Plaintiffs' motion to amend without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motion to amend is **GRANTED**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

The factual background of this matter is well known to both the parties and the Court. As such, it is not restated at length herein. Instead, the Court focuses on the procedural history relevant to the instant motion to amend.

On April 20, 2023, Plaintiffs John and Jane Doe, individually and on behalf of their two minor children N.D. and L.D. (collectively "Plaintiffs"), filed this action against Defendants the Columbia Group at Hamilton Phase II, LLC ("Columbia" or "Owner"), EP Management, LLC, also known as Edgewood Properties ("EP" or "Property Manager"), Ronald Roes 1-10, and ABC Corps. 1-10 (collectively, "Defendants"). Plaintiffs' claims stem from the alleged wrongful retaliation, discrimination, and eviction proceedings Defendnats initiated against Plaintiffs purportedly on account of their race and/or complaints about the habitability of their rental unit. Specifically, Plaintiffs asserted the following claims against Defendants: (1) violations of the Fair Housing Act (the "FHA"), 42 U.S.C. § 3601 *et seq.*, against all Defendants; (2) violations of the New Jersey Law Against Discrimination (the "NJLAD"), N.J.S.A. § 10:5-1 *et seq.*, against all Defendants; (3) violations of New Jersey's Consumer Fraud Act (the "CFA"), N.J.S.A. § 56:8-1 *et seq.*, against all Defendants; (4) breach of contract against Columbia, EP, and Defendant Owners among Ronald Roes 1-10; (5) breach of the implied covenants and warranties against Columbia, EP, and the Defendant Owners among Ronald Roes 1-10; (6) tortious interference against the fictious defendants, Ronald Roes 1-10 and ABC Corps. 1-10; (7) promissory estoppel against all Defendants; (8) unjust enrichment against all Defendants; (9) violations of New Jersey's Anti-Reprisal Law, N.J.S.A. § 2A:42-10.10, *et seq.*, against all Defendants; (10) intentional infliction of emotional distress against all Defendants; (11) fraudulent concealment/spoliation against all Defendants; (12) negligent spoliation against all Defendants; (13) constructive eviction against all

Defendants; (14) negligence against all Defendants; (15) violations of New Jersey's Security Deposit Law, N.J.S.A. § 46:8-19 *et seq.*, against all Defendants; and (16) damage of property in violation of N.J.S.A. § 2A:18-72 *et seq.*, against all Defendants. (Docket Entry No. 1). Defendants filed their Answer to Plaintiffs' Complaint on August 21, 2023. (Docket Entry No. 9).

On August 10, 2023, the Court entered an Order setting the initial scheduling conference for October 2, 2023, which was later rescheduled and held October 26, 2023. (*See* Docket Entry Nos. 10 and 12). Based on the Court's discussions with the parties, the Court directed the parties to exchange discovery necessary to facilitate settlement. *See* Text Minute Entry of 10/26/2023; Text Order of 12/06/2023 (Docket Entry No. 14); Letter Order of 01/11/2024 (Docket Entry No. 16); and Text Order of 01/19/2024 (Docket Entry No. 18).

Unfortunately, despite the parties' good faith efforts, they were unable to reach an early settlement. As a result, on February 21, 2024, the Court entered a Scheduling Order. (Docket Entry No. 20). In same, the Court set September 13, 2024, as the deadline by which the parties had to move to amend the pleadings or add new parties. This deadline was later extended until March 28, 2025 (Text Minute Entry of 01/29/2025) and then again to June 27, 2025. Text Minute Entry of 05/07/2025.

When neither a motion to amend nor a consent order to amend the pleadings was submitted by June 27, 2025, the Court contacted the parties, instructing them as follows:

> Judge Bongiovanni asked me to email you. As she discussed with the parties on 05/07/2025, by 06/27/2025, the parties were to either submit a consent order to amend the pleadings or a motion was to be filed. It does not appear that the Court received a consent order, nor does it appear that a motion to amend was filed. Judge Bongiovanni directs the parties to submit a joint update regarding the status of how the parties intend to proceed with respect to the proposed amended pleading by 7/9/2025.

(Email from tjb_orders@njd.uscourts.gov to raya@antoinelawfirm.com, rebeccas@antoinelawfirm.com, wilsona@antoinelawfirm.com, and alerea@weingartenlaw.com of 06/30/2025). Unable to obtain Defendants' consent to file an Amended Complaint, Plaintiffs filed the pending motion to amend on July 9, 2025. (Docket Entry No. 28).

Plaintiffs seek to amend their Complaint to add Jack Morris, Sheryl Weingarten and Edgewood as named Defendants. Plaintiffs do not seek to add new causes of action to their proposed Amended Complaint, nor do they seek to add extensive new factual allegations. Instead, they simply add Jack Morris, Sheryl Weingarten and Edgewood to the previously asserted 16 Counts. Further, with respect their factual allegations, Plaintiffs' proposed additions are modest: Plaintiffs outline who Jack Morris, Sheryl Weingarten and Edgewood are (*see* Proposed Am. Compl. ¶¶ 12-14), and assert that Jack Morris and Sheryl Weingarten have used EP, Edgewood, Columbia, and other companies, including ABC Corps. 1-10, to perpetrate a fraud on potential creditors and tenants, that EP and Edgewood's names are used interchangeably even though they are two separate companies and EP uses the d/b/a Edgewood Properties, that Edgewood, like EP and Columbia, was grossly undercapitalized, operated daily with a failure to observe corporate formalities, was insolvent, lacked corporate records, and/or was merely a façade for one of the other companies, that EP and Edgewood should be treated as one entity, with each company being the alter ego of the others and all companies liable for each other's actions and omissions, that the corporate veil should be pierced as to the owners among Ronald Roes 1-10, including Jack Morris and Sheryl Weingarten, and that Jack Morris and Sheryl Weingarten participated in and ratified each decision to discriminate against Plaintiffs. (*See Id*. ¶¶ 20, 23, 26, 28-29, 116).

Plaintiffs argue that they should be permitted to amend under the liberal standard set forth in Rule 15. In the first instance, they contend that Rule 15's liberal standard, as compared to Rule

16(b)'s more conservative good cause standard, applies to their motion to amend. In this regard, Plaintiffs argue that Rule 16(b) does not apply because the original deadline for moving to amend was rendered stale in this case, having been extended multiple times with the involvement and consent of the parties. (*See* Pl. Br. at 2-3 (citing *In re: L'Oreal Wrinkle Cream Mktg. Practices Litig.*, MDL 2415, Civil Action No. 12-3571 (WJM), 2015 WL 5770202, at *3 (D.N.J. Sept. 30 2015); Docket Entry No. 28-4). Indeed, Plaintiffs claim that the deadline was most recently extended until July 9, 2025, the date on which Plaintiffs filed the instant motion to amend, rendering Rule 16(b) inapplicable. (*Id*. at 3).

Furthermore, Plaintiffs argue that even if Rule 16(b) applies, they have met the heightened good cause standard as they were diligent in seeking to amend because the identities of the defendants they seek to add were unknown until the end of the discovery period. (*See* Pl. Reply Br. at 2; Docket Entry No. 32). Plaintiffs further argue that good cause exists because Defendants in one breath contend that Plaintiffs should not be permitted to add the new individual defendants because they are members of the corporation and the corporate veil cannot be pierced, while at the same time suggesting that more discovery is needed to determine if veil-piercing is appropriate, (*See id*.) Additionally, Plaintiffs argue that no undue prejudice will result because any discovery implicated by the proposed addition of the new defendants represents material within the possession of the current Defendants and Plaintiffs do not seek to assert any additional claims in the proposed Amended Complaint. (*Id*.)

With respect to Rule 15, Plaintiffs argue that all of the relevant factors under this Rule's liberal standard favor permitting them to amend. With respect to undue prejudice and delay, Plaintiffs note that they used fictious party pleading in their original Complaint to put Defendants on notice that they would be naming additional parties in this matter. Further, they contend that

since the parties they seek to add are all related and the claims remain the same, discovery will not be unduly extended. (*See* Pl. Br. at 5). Plaintiffs also note that the discovery they will pursue will remain the same regardless of their proposed amendment and they suggest that the same counsel involved in the case will likely represent the new defendants if Plaintiffs are permitted to add them, as the proposed new defendants are alter egos of the originally named Defendants. (*See id.*) Further, Plaintiffs argue that there has been no repeated failures to cure deficiencies through previous amendments as they have not previously sought to amend their Complaint. (*Id.*) In addition, Plaintiffs claim that their proposed amendment is not futile because they "have stated a prima facie basis for naming the new defendants, which Plaintiffs expect to be supplemented by depositions and non-party subpoenas." (*Id.*) Lastly, Plaintiffs argue that they have not brought their proposed amendment in bad faith as Plaintiffs have a reasonable basis for their claims against Jack Morris, Sheryl Weingarten and Edgewood and Defendants allegations to the contrary "are conclusory and insufficient to overcome the presumption in favor of allowing leave to amend the complaint." (*See* Pl. Reply Br. 3).

Defendants oppose Plaintiffs' motion to amend. First, they argue that Rule 16(b)(4)'s heightened good cause standard applies to Plaintiffs' request to amend, and they contend that Plaintiffs fail to meet this standard. In this regard, Defendants claim that Plaintiffs missed the June 27, 2025 deadline to amend, a deadline Plaintiffs' personally consented to and sought, without any justification. (Def. Opp. at 8). Further, Defendants argue that Plaintiffs were in possession of all the facts underlying their proposed amendment well before the June 27, 2025 deadline as defendants produced their documents by February 17, 2025. (*See id.*) Moreover, Defendants contend that the Court's communication of June 30, 2025 did not extend the June 27, 2025 deadline until July 9, 2025, nor did that communication otherwise relieve Plaintiffs of their obligation to

comply with the Court's previous scheduling order. (*See id*.) As such, Defendants ague Plaintiffs failed to establish good cause to extend the deadline for Plaintiffs' motion to amend under Rule 16(b)(4) and, consequently, Plaintiffs' motion should be denied.

In addition, Defendants argue that Plaintiffs motion should be denied under Rule 15's more liberal standard because Plaintiffs' proposed amendment would be futile, Plaintiffs' delay in seeking to amend is undue and prejudicial, and Plaintiffs' motive in seeking to amend is the product of bad faith. With respect to futility, Defendants argue that Edgewood is not interchangeable with EP as alleged by Plaintiffs and, even if it could be considered a parent company of Columbia or EP, Plaintiffs have "alleged no facts sufficient to support piercing the corporate veil." (*Id*. at 10 (Citation omitted)). Thus, Defendants claim Plaintiffs' proposed addition of Edgewood is futile. Similarly, Defendants argue that Plaintiffs' proposed addition of Jack Morris and Sherly Weingarten as defendants is futile because they "had no personal involvement or dealings with Plaintiffs" and "[t]heir only connection to the litigation is as members of Columbia Group and EP Management[,] which is "insufficient to impose liability" under N.J.S.A. 42:2C-30. (*Id*.)

Further, Defendants argue that because Plaintiffs missed the Court's deadline to amend without justification, their delay in seeking to amend has been rendered undue. (*Id*. at 11). They also maintain that the delay is prejudicial because Plaintiffs' amendment "seeks to introduce new legal theories and additional parties more than more than [sic] 2 years after the Complaint was filed and over 3 years after Plaintiffs vacated the apartment complex at issue." (*Id*. (citing *Ramirez-Rodriguez v. W. New York Bd. Educ.*, Civil Action No. 18-17081-JXN-AME, 2022 WL 2158965, at *4 (D.N.J. June 15, 2022)). Defendants contend that "any amendment would necessarily introduce new legal theories" because, as already detailed in their futility analysis, "[t]he parties Plaintiffs seek to add have no liability under the legal theories alleged in the Complaint[.]" (*Id*.

n.1). Last, Defendants argue that Plaintiffs seek to add Jack Morris, Sheryl Weingarten and Edgewood in bad faith in an effort to "ratchet up the pressure to settle this entirely meritless discrimination case." (*Id.* at 12).

## II.   ANALYSIS

### A. Standard of Review

The Court first addresses whether the Rule 16(b)(4)'s more demanding "good cause" standard applies to the instant motion to amend. The Court finds that it is a close question. While the Court's communication from June 30, 2025 did not explicitly extend the deadline to move to amend from June 27, 2025 to July 9, 2025, the Court appreciates how Plaintiffs could have understood the extension to have been implicitly granted.

Assuming *arguendo* that Rule 16(b)(4) applies, the Court has broad "discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement." *Phillips v. Greben*, Civil No. 04-5590 (GEB), 2006 WL 3069475, *6 (D.N.J. Oct. 27, 2006). Whether good cause exists depends on the diligence of the moving party. Rule 16(b) advisory committee's note; *Hutchins v. United Parcel Service, Inc.*, No. 01-CV-1462 WJM, 2005 WL 1793695, *3 (D.N.J. July 26, 2005). The movant may establish good cause by demonstrating that "their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Phillips*, 2006 WL 306945, at *6 (quoting *Newton v. Dana Corp. Parish Div.*, No. CIV. A. 94-4958, 1995 WL 368172, *1 (E.D.Pa. June 21, 1995) (internal quotation marks and citation omitted)). Under the current circumstances, where Plaintiffs missed the filing deadline by less than two weeks and then promptly filed their motion ten days after receiving a communication from the Court by what they presumed, albeit perhaps

8

incorrectly, was the new filing deadline, the Court finds good cause to adjust the schedule and consider Plaintiffs' motion to amend under Rule 15(a)(2)'s regular amendment standard.

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." The Third Circuit has shown a strong liberality in allowing amendment, favoring decisions on the merits rather than on procedural technicalities. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3rd Cir. 1984); *see Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3rd Cir 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). Although the decision to grant or deny leave to amend is within the discretion of the Court, that discretion must be exercised consistent with the liberal standard embodied in Rule 15(a)(2). *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992); *see Rutter v. Rivera*, 74 F. App'x 182, 186 (3d Cir. 2003). Leave to amend under Rule 15(a) should be granted in the absence of undue delay or bad faith by the movant, prejudice to the movant, or futility of amendment. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

### B.  Undue Delay and Undue Prejudice

In determining whether there has been undue delay, courts consider both the length of the delay and resulting prejudice to the opposing party. *Long*, 393 F.3d at 399. Although significant lapses of time may weigh against the moving party, delay alone is insufficient to deny amendment absent a showing of prejudice, bad faith, or dilatory motive. *See id* at 399; *Cureton*, 252 F.3d at 273 (3d Cir. 2001); *see also Adams*, 739 F.2d at 868; *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). The burden of establishing undue prejudice rests with the non-moving party. *Long*, 393 F.3d at 400. This burden may be met by showing that allowing an amendment "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial;

9

(ii) significantly delay the resolution of the dispute; or (iii) prevent [the opposing party] from bringing a timely action in another jurisdiction." *Id.*

Here, as noted above, Defendants argue that Plaintiffs' delay in seeking to amend has been rendered undue because Plaintiffs failed to amend by the deadline set by the Court without justification. The Court, however, has already determined that under the circumstances of this case there was good cause for Plaintiffs delay in moving to amend. As a result, the Court finds that Plaintiffs' delay in filing their motion does not constitute undue delay.

Further, the Court finds that Defendants will not be unfairly prejudiced if Plaintiffs are permitted to amend their Complaint to add Jack Morris, Sheryl Weingarten and Edgewood as defendants. Indeed, Defendants fail to identify any actual prejudice that would result from allowing the proposed amendment. Their assertion that they would be prejudiced because the addition of Jack Morris, Sheryl Weingarten and Edgewood would necessarily result in the introduction of new legal theories is not only speculative but also belied by Plaintiffs' proposed Amended Complaint, which does not set forth any new legal theories. Also unavailing is Defendants' conclusory argument that they would be prejudiced by the Plaintiffs' proposed amendment given the age of the case and over 3-year time span from when Plaintiffs vacated their apartment. Defendants' argument lacks any specificity regarding the additional litigation burdens the amendment would impose, and, as noted above, delay alone is an insufficient ground upon which to deny a motion to amend.

Moreover, the Court finds that this case is easily distinguishable from *Ramirez-Rodriguez*, 2022 WL 2158965, at *4, which Defendants rely upon in an effort to establish undue prejudice here. In *Ramirez-Rodriguez*, the plaintiff not only waited until the day before fact discovery expired to seek permission to move to amend her complaint but did so over two years after the

deadline for motions to amend expired. 2022 WL 2158965, at *1. Furthermore, in *Ramirez-Rodriguez*, the Court determined that the parties the plaintiff sought to add were not only known to the plaintiff prior to the expiration of the deadline for motions to amend the pleading but at the time the plaintiff filed her original complaint. *Id*. at 4. Under these circumstances, the *Ramirez-Rodriguez* Court found:

> [T]hat by waiting three years to seek to add parties who were well known to her when she filed the complaint in December 2018, Plaintiff engaged in undue delay that runs afoul of Rule 15(a)(2). Adding Roth and Brito-Herrera as new parties would require the issuance of a new Scheduling Order to govern additional pretrial proceedings, as well as time for them to respond to the complaint, serve and respond to additional written discovery, and take and give deposition testimony. Roth and Brito-Herrera would also be prejudiced[5] by having to defend themselves by remembering details from events that occurred over four years ago. *See Ruiz v. N.J. Dep't of Corr.,* No. 15-3304, 2017 U.S. Dist. LEXIS 115825, at *16 (D.N.J. July 25, 2017) (a proposed amendment is prejudicial where it involves "serious impairment of the non-party's ability to present its case") (citing *Harter v. GAF Corp.*, 150 F.R.D. 502, 509 (D.N.J. 1993)). The Court also has an interest in the just but efficient adjudication of this case, and adding new parties at this late stage would cause unnecessary delay. *See Murray v. Cty. of Hudson*, No. 17-2875, 2021 U.S. Dist. LEXIS 103243, at *8-9 (D.N.J. June 2, 2021) (the court "has an interest in the timely resolution of cases before it"; denying motion to add new parties as "contrary to that interest").

*Id*.

Here, we are not dealing with a years long delay, but a 12-day delay. More importantly, the facts underlying Plaintiffs' proposed amendment were not known to Plaintiffs at the time they filed their Complaint. Instead, they were only recently disclosed as part of discovery in this matter. While Plaintiffs certainly could have moved to amend by the June 27, 2025 deadline, the Court finds that no unfair prejudice will result if they are permitted to amend now.

### C. Futility

A court may deny a motion for leave to amend where the proposed amendment would be futile. *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). An amendment is considered futile if the amended complaint would fail to state a claim upon which relief could be granted. *Travelers Indem. Co v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir 2010). The futility of an amended complaint is governed by the same standards of legal sufficiency as a motion to dismiss under Rule 12(b)(6). *Id*.

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)). Importantly, unless a proposed amendment is "clearly futile . . . denial of leave to amend is improper." *Morton Intern., Inc. v. A. E. Staley Mfg. Co.*, 106 F.Supp.2d 737, 745 (D.N.J. 2000). Further, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted

inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

The burden of establishing futility is on the party opposing the amendment. *Pharm. Sales & Consulting Corp. v. J.W.S Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). "If a proposed amendment is not clearly futile, the denial of leave to amend is improper." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990). "This standard does not necessitate that parties undertake substantive motion practice concerning the proposed claim or defense." *Id*. "Instead, it requires only that the claim or defense have an adequate basis in fact or law, not being frivolous." *Id*.

Here, the Court finds that Defendants have not met their burden of establishing the futility of Plaintiffs' proposed amendments. Defendants do not go through the elements of any of Plaintiffs' proposed causes of action against Jack Morris, Sheryl Weingarten and Edgewood. They simply state that Plaintiffs haven't alleged sufficient facts to support veil-piercing with respect to Edgewood and that liability cannot attach to Jack Morris and Sheryl Weingarten under N.J.S.A. 42:2C-30. These bald assertions, however, are insufficient to carry Defendants' burden of establishing that Plaintiffs' proposed claims are clearly futile. As a result, it would be inappropriate to deny Plaintiffs' motion on this ground.

### D. Bad Faith

A proposed amendment is properly denied if it is brought in bad faith. "[Th]e bad faith inquiry focuses on the moving party's 'motives for not amending . . . earlier,' and whether there is 'extrinsic evidence' – aside from the delay itself – that indicates bad faith." *Adams v. DMG Park, LLC*, Civil Action No. 21-17442 (MCA) (LDW), 2025 WL 2962484, at *7 (D.N.J. Oct. 20, 2025) (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).

Defendants argue that Plaintiffs' motion should be denied for being brought in bad faith in an effort to pressure Defendants into settling this "meritless discrimination case." (Def. Opp. Br. at 12). The Court, however, finds that Defendants' bare assertion, which is not supported by any outside evidence is not enough to establish that Plaintiffs' motion is tainted by bad faith.

As a result, the Court grants Plaintiffs' motion to amend their Complaint. Defendants may answer, move, or otherwise respond to same as permitted by the Federal Rules of Civil Procedure.

### III.     CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Amend is **GRANTED**. An appropriate Order follows.

Dated: February 26, 2026

s/Tonianne J. Bongiovanni<br>
**HONORABLE TONIANNE J. BONGIOVANNI**<br>
**UNITED STATES MAGISTRATE JUDGE**